UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MOLLIE WOOLDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-25-119-R |
| | ) |
| LUXE LIFE SENIOR LIVING | ) |
| AND MEMORY CARE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to File Second Amended Complaint [Doc. No. 28]. The matter is fully briefed and at issue [Doc. No. 31].

The current operative pleading is the Amended Complaint which Plaintiff filed against the following Defendants: Timothy Fields, Barry Carr, Luxe Life Norman AL, LLC, Luxe Life Senior Living and Memory Care, LLC, Ignite Medical Resort Norman, LLC, Prestige Worldwide Oklahoma, LLC, Ignite Medical Resort Oklahoma, LLC, Ignite V-JV, LLC, Ignite Medical Resort Thrive, LLC, Prestige Worldwide Luxe Life Norman AL, LLC, and Prestige Worldwide Thrive, LLC [Doc. No. 10]. Plaintiff appears to assert claims for age discrimination and retaliation, breach of contract, breach of the duty of good faith and fair dealing, and Oklahoma labor law violations against all Defendants, and an additional breach of contract claim against Defendants Fields and Carr.

On October 2, 2025, Ignite Medical Resort Oklahoma, Ignite V-JV, Ignite Medical Resort Thrive, Prestige Worldwide Luxe Life Norman AL, and Prestige Worldwide Thrive ("Moving Defendants") moved to dismiss all claims against them [Doc. No. 19]. The

1

Moving Defendants argue Plaintiff has failed to sufficiently allege (1) that they were her employers, as required for bringing claims under the Age Discrimination in Employment Act and Oklahoma Protection of Labor Act and (2) that they were party to the alleged contracts Plaintiff relies on in her breach of contract and breach of good faith and fair dealing claims.

Plaintiff moved to file a second amended complaint to address the pleading deficiencies identified by the Moving Defendants. The Moving Defendants oppose the motion, arguing that Plaintiff's proposed amendments would be futile. The Moving Defendants state their continued disagreement with Plaintiff's argument that all Defendants are a single employer and assert that the proposed Second Amended Complaint does not (and cannot) remedy the lack of privity between Plaintiff and the Moving Defendants for purposes of the breach of contract and breach of good faith and fair dealing claims.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously

2

allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Id.*

The Moving Defendants' assertion of futility is based primarily on one of the arguments already present in their Motion to Dismiss: namely, that Plaintiff has not and cannot establish privity of contract between herself and the Moving Defendants. At this early stage of litigation, when deadlines have not yet been set, the Court finds it would be more efficient to address Defendants' arguments in the context of a Rule 12 motion. *See Gen. Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) ("Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."); *Est. of Dixon v. Bd. of Cnty. Comm'rs of Crowley Cnty.*, No. 15-cv-02727-NYW, 2016 WL 931274, at *3 (D. Colo. Mar. 11, 2016) ("[R]egarding the futility inquiry, to the extent that Defendants 'have viable grounds for dismissing' the proposed First Amended Complaint, 'such arguments are more efficiently raised in the context of their Rule 12 motion, rather than indirectly under Rule 15(a).'") (quoting *Adams v. FedEx Ground Package Sys., Inc.*, No. 11-CV-02333-LTB-CBS, 2013 WL 61448, at *1 (D. Colo. Jan. 4, 2013)).

Accordingly, Plaintiff's Motion to File Second Amended Complaint [Doc. No. 28] is granted. The Moving Defendants' pending Motion to Dismiss the First Amended Complaint [Doc. No. 19] is denied as moot. If appropriate, the Moving Defendants may reassert their arguments in a motion to dismiss. The Court's Order granting Plaintiff an Extension of Time to Respond to the Moving Defendants' Motion to Dismiss is also mooted [Doc. No. 33]. Plaintiff shall have the requisite amount of time as set out in Local Rule 7.1(g) to respond to any future motions to dismiss filed by the Moving Defendants.

IT IS SO ORDERED this 3rd day of November, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE